**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DAVID TORREZ,
        Plaintiff,

vs.

CITY OF FARMINGTON, VINCENT MITCHELL, in his official and individual capacities, GERALD MAESTAS, in his official and individual capacities, DUSTY DOWNS, in his official and individual capacities, JASON HENSLEY, in his official and individual capacities, JOHN AHLM, in his official and individual capacities, SAN JUAN COUNTY for acts of its SHERIFF'S DEPARTMENT, a governmental entity, JASON WAYBOURN, in his official and individual capacities, SAN JUAN DISTRICT MAGISTRATE COURT, LINDA B. EATON, in her official and individual capacities, AZTEC MUNICIPAL COURT, BARBARA R. ALDAZ, in her official and individual capacities, ELEVENTH JUDICIAL DISTRICT COURT, GREGORY T. IRELAND, in his official and individual capacities, and OTHER JOHN DOE DEFENDANTS, in their official and individual capacities,
        Defendants,

Civ. No. 02-1381
MV/RHS

and

JULES LESLIE GODWIN,
        Plaintiff,

vs.

CITY OF FARMINGTON, VINCENT MITCHELL, in his official and individual capacities, GERALD MAESTAS, in his official and individual capacities, DUSTY DOWNS, in his official and individual capacities, JASON HENSLEY, in his official and individual capacities, JOHN AHLM, in his official and individual capacities, SAN JUAN COUNTY for acts of its SHERIFF'S DEPARTMENT, a governmental entity, JASON WAYBOURN, in his official and individual capacities, SAN JUAN DISTRICT MAGISTRATE COURT, LINDA B. EATON, in her official and individual capacities, AZTEC MUNICIPAL COURT, BARBARA R. ALDAZ, in her official and individual capacities, ELEVENTH JUDICIAL DISTRICT COURT, GREGORY T. IRELAND, in his official and individual capacities, and OTHER JOHN DOE DEFENDANTS, in their official and individual capacities,
        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Gregory T. Ireland's Supplemental Motion to Dismiss, filed September 22, 2004 **[Doc. No. 80]**.  The Court, having considered the motions, briefs, and relevant law and being otherwise fully informed, finds that the motion is well taken and will be **GRANTED**.

### BACKGROUND

On March 22, 2002, Plaintiff David Torrez and Plaintiff Jules Leslie Godwin filed separate actions in New Mexico state court asserting state constitutional and tort causes of action arising out of various arrests and prosecutions.  The complaint named several defendants, including Defendant Ireland, who was the court administrator for the State of New Mexico's Eleventh Judicial District at all relevant times.  Plaintiffs filed an amended complaint on February 25, 2003, containing Section 1983 claims for excessive police force, unlawful entry, and unlawful detainment and arrest.  The amended complaint also contains state tort claims for battery, trespass, defamation, interference with prospective business advantage, false light invasion of privacy, intentional infliction of emotional distress, and malicious abuse of process.[1]

On September 8, 2004, this Court issued a Memorandum Opinion and Order dismissing several of the claims against Defendant Ireland, including Plaintiffs' state claims against him in his official capacity, Plaintiffs' Section 1983 claims against him in his official capacity, and Plaintiffs' defamation claims against him **[Doc. 78]**.  The Court refused to dismiss Plaintiffs' individual capacity claims against Defendant Ireland, however, because Defendant Ireland did not cite to any

---

[1] Because the Court gave an exhaustive recitation of the facts in its previous Memorandum Opinion and Order, it will not repeat them for the purposes of this motion.

grant of authority that would allow him judicial immunity. The Court allowed Plaintiff leave to file a second motion to dismiss.

Shortly after the Court's Opinion was issued, Defendant Ireland submitted a supplemental motion to dismiss with supporting affidavits from himself and the Honorable Paul R. Onuska, Chief Judge of the State of New Mexico's Eleventh Judicial District. Defendant argues the affidavits prove that the actions he took with regard to Plaintiffs' bonding privileges were under the specific direction of Judge Onuska and thus he is entitled to judicial immunity. As such, Defendant argues that the remaining claims against him now should be dismissed.

## DISCUSSION

In the wake of Defendant Ireland's supplemental filings, the Court will revisit its analysis of whether he is entitled to quasi-judicial immunity. As the Court explained previously, the Supreme Court has held that personal immunities, such as judicial immunity, apply only to individual capacity suits. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) ("[t]he only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment"); *Hunter v. Supreme Ct.*, 951 F. Supp. 1161, 1179 (D.N.J. 1996) (personal immunities not available to defendants sued in their official capacities, because official capacity suits are in essence suits against a state).

The United States Supreme Court and the New Mexico Supreme Court have adopted the common law judicial immunity rule, which provides for absolute judicial immunity from damages for civil liability. *See, e.g.*, *Bradley v. Fisher*, 80 U.S. 335, 354 (1871); *Edwards v. Wiley*, 70 N.M. 400, 402-03, 374 P.2d 284, 285-87 (N.M. 1962) (citations omitted); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (citation omitted). The rationale for the judicial immunity doctrine

is that judges should be free to make controversial decisions, exercise their functions with independence, and act upon their convictions without fear of personal liability.  *See id.* at 355; *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (citation omitted).  It is the concern for principled and fearless decisionmaking that forms the basis for judicial immunity.  *See id.*

The same absolute immunity afforded to judges has been extended to other judicial officers, including court administrators, when their functions are undertaken pursuant to the explicit direction of a judge.  *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).[2]  While in his prior motion Defendant Ireland did not argue that his actions with regard to Mr. Torrez were taken pursuant to the explicit direction of a judge, he makes that argument now.  Defendant Ireland has submitted undisputed[3] affidavits from himself and Chief Judge Onuska, stating that all of Defendant's actions with regard to suspending and revoking Plaintiff's bonding privileges were taken pursuant to Judge Onuska's orders and with his approval.  *See* Def. Mtn., Exhs. 1 & 2.

Specifically, the affidavits state the following:  In the Spring of 1998, Judge Onuska held a meeting with all of the other Eleventh Judicial District judges to discuss criminal charges against Mr. Torrez and how those charges would affect his bonding business.  The judges unanimously agreed that Mr. Torrez's bonding privileges should be suspending pending resolution of the criminal charges.  Based on this decision, Judge Onuska directed Defendant Ireland to write a

---

[2] *See also Plassman v. City of Wauseon*, No. 95-3736, 1996 U.S. App. LEXIS 14496, *19-20 (6th Cir. May 14, 1996) (unpublished opinion); *Gilbert v. Ferry*, 298 F. Supp. 2d 606, 612 (E.D. Mich. 2003); *compare Bell v. Manspeaker*, No. 00-1415, 2002 U.S. App. LEXIS 6664, *9 (10th Cir. Apr. 10, 2002) (unpublished opinion) (court clerks) (citation omitted).

[3] It should be noted that Plaintiffs have not responded to Defendant Ireland's motion.  As such, the Court assumes that Plaintiffs consent to granting the motion.  *See* D.N.M.LR-Civ. 7.1(b) (failure to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion).

letter informing Mr. Torrez that his bonding privileges would be temporarily suspended. Judge Onuska approved the letter. After Mr. Torrez was adjudicated not guilty, the Eleventh Judicial District judges met again and decided unanimously that Mr. Torrez's bonding privileges should be reinstated. Again, Defendant Ireland sent Mr. Torrez a letter to this effect at Judge Onuska's direction and with his approval.

In February 2000, Judge Onuska received a letter from the New Mexico Public Regulation Commission stating that Mr. Torrez did not have sufficient deposit funds to satisfy state bond laws and thus neither him nor his solicitors were eligible to post bonds. After receipt of this letter, Judge Onuska directed Defendant Ireland to notify the judges in San Juan County, as well as the administrators of the city and county jails, that Mr. Torrez and his solicitors were not eligible to post bonds. Defendant Ireland sent the letter with Judge Onuska's approval. Approximately one month later, Judge Onuska was informed that Mr. Torrez was in compliance with bonding laws. Accordingly, Judge Onuska directed Mr. Torrez to notify all court and jail personnel in San Juan County that Mr. Torrez and his solicitors were again eligible to post bail bonds. Defendant Ireland sent a letter informing officials as such with Judge Onuska's authority, approval, and in accordance with his directions.

As it is clear that Defendant Ireland acted pursuant to Judge Onuska's direct authority as to all matters regarding Plaintiff's bonding suspension, revocation, and reinstatement, the Court will grant him absolute quasi-judicial immunity. *See Bush*, 38 F.3d at 847-48 (granting court administrator absolute quasi-judicial immunity because administrator acted pursuant to a judge's direction); *compare Battle*, 831 F. Supp. at 528 (granting clerk immunity for suspending bonding privileges because letter sent by clerk indicating plaintiff's bonding privileges were being

suspended also indicated that clerk was acting pursuant to instructions of a judge).

## CONCLUSION

Defendant Ireland is entitled to absolute quasi-judicial immunity. **IT IS THEREFORE ORDERED** that Defendant Ireland's Supplemental Motion to Dismiss, filed September 22, 2003 **[Doc. No. 80]**, is hereby **GRANTED**. Plaintiffs' Section 1983 claims against Defendant in his individual capacity, as well as Plaintiffs' state law claims for interference with business advantage, false light invasion of privacy, and intentional infliction of emotional distress against Defendant Ireland in his individual capacity will be dismissed to the extent that they are based upon the suspension or revocation of Plaintiffs' bonding privileges.

Dated this 24th day of June, 2005.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiffs:
    Gilbert J. Vigil, Esq.

Attorneys for Defendant Ireland:
    Richard Gerding, Esq.